IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT D. STEED,

                         Petitioner,                                     ORDER

   v.

                                                                              12-cv-597-wmc

LIZZIE TEGELS, Warden,
New Lisbon Correctional Institution,

                        Respondent.[1]

---

      Petitioner Robert D. Steed is a state inmate in custody at the Wisconsin Department of Corrections New Lisbon Correctional Institution. Steed seeks a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his conviction in Dane County Case No. 06CF2041. He has paid the filing fee and this case is now before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

      The pleadings show that following a trial in Case No. 06CF2041 in the Circuit Court for Dane County, a jury found Steed guilty of first-degree reckless homicide in connection with the delivery of heroin (count one); possession with intent to distribute counterfeit narcotics (count two), and two counts of manufacture or delivery of heroin in an amount less than three grams (counts three and four). In a judgment dated August 30, 2007, the court sentenced Steed 20 years in prison, followed by a 15-year term of extended supervision.

      Steed challenged the judgment in Case No. 06CF2041 with a motion for post-conviction relief, alleging that he was denied effective assistance of counsel during his trial. The circuit court denied that motion on February 26, 2009.

---

[1] The original petition lists the State of Wisconsin as the respondent. Because Steed is in custody of the Wisconsin Department of Corrections at the New Lisbon Correctional Institution, Warden Lizzie Tegels is automatically substituted as the proper respondent under Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

Steed then filed a direct appeal from the judgment and the circuit court's order denying his post-conviction motion. He argued that the trial court erred in exercising its discretion by (1) denying his request for a continuance; and (2) by denying his request to discharge his trial counsel without inquiring whether he wanted to represent himself. Steed argued further that his trial attorney was ineffective for (1) failing to object to the jury instruction on first-degree reckless homicide; and (2) failing to request a severance of the homicide charge from the drug charges. The court of appeals rejected these arguments, affirming the judgment and the order denying post-conviction relief. *State v. Steed*, No. 09AP626 (Wis. Ct. App. May 20, 2010) (unpublished). The Wisconsin Supreme Court denied Steed's petition for review on January 13, 2011.

On August 6, 2012, Steed executed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, and filed it with this court. He raises the same or similar claims as the ones rejected on direct appeal.

The petition in this case is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, which was enacted on April 24, 1996. Under the AEDPA, all habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d)(1). The one-year limitations period is designed to "encourag[e] prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." *Carey v. Saffold*, 536 U.S. 214, 226 (2002). Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

When a prisoner challenges the validity of a state court judgment, the statute of limitations typically begins to run at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). After the Wisconsin Supreme Court denied review on January 13, 2011, Steed had 90 days to pursue a writ of certiorari from the United States Supreme Court. *See* SUP. CT. R. 13.1 (West 2013). Steed did not appeal further or file any other applications for collateral review in state court. Accordingly, his conviction in Dane County Case No. 06CF 2041 became final when his deadline to seek certiorari review expired on April 13, 2011. The federal habeas corpus statute of limitations expired one year later. Accordingly, the petition executed by Steed on August 8, 2012, appears barred from federal review as untimely filed.

Steed has not supplied information about the governing one-year statute of limitations in his petition, although the form specifically requests an explanation regarding the issue of timeliness. *See Petition under 28 U.S.C. § 2254 For Writ of Habeas Corpus by a Person in State Custody*, dkt. 1, at page 14, ¶ 18. As the form clearly explains, there are statutory exceptions to the one-year limitation period if any of the following circumstances are present: (1) the State has created an impediment to filing a petition; (2) the petition is based on a newly recognized constitutional right made retroactive by the Supreme Court; or (3) the claim is based on a new factual predicate, which new facts could not have been discovered with due diligence on an earlier date. *See* 28 U.S.C. § 2244(d)(1)(B)–(D). Likewise, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment" does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). The petition filed by Steed does not indicate that any of these statutory exceptions apply.

An untimely petition may also be saved if grounds exist to equitably toll the limitation period. Equitable tolling of the limitation period may be warranted if "extraordinary circumstances outside of the petitioner's control prevent timely filing of the habeas petition." *Gildon v. Bowen*, 384 F.3d 883, 887 (7th Cir. 2004) (citation omitted); *see also Moore v. Battaglia*, 476 F.3d 504, 506 (7th Cir. 2007). For this reason, the Supreme Court has cautioned that before raising the statute of limitations on its own initiative, a court must grant the petitioner fair notice and afford him an opportunity to present his position. *Day v. McDonough*, 547 U.S. 198, 211 (2006). Because Steed has offered no explanation for his untimely petition, he will be directed to supplement the pleadings and to show cause why his claims are not barred from federal review by the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1).

ORDER

IT IS ORDERED THAT:

1. Petitioner Robert D. Steed is directed to show cause, if any, by responding in writing within thirty (30) days of the date of this order why his petition should not be dismissed as barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1).

2. Steed is advised that, if he does not respond to this order as directed, then this case may be dismissed for want of prosecution without further notice under Fed. R. Civ. P. 41(b).

Entered this 4th day of April, 2013.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge